## YUKON MILL & GRAIN CO. v. EVERS et al.

No. 16054—Opinion Filed Nov. 10, 1925.

Withdrawn, Corrected and Refiled April 14, 1926.

**1. Master and Servant—Workmen's Compensation Law—Permanent Partial Loss of Member—Award—Error of Law.**

Under the 1923 amendment to the Workmen's Compensation Law, permanent partial loss of a member is compensable as a distinct scheduled subject of compensation, and where the conclusive findings of fact made by the Industrial Commission clearly show that the loss of use of claimant's injured hand is not total, but partial and permanent, it is legally erroneous to enter an award for the full period of 200 weeks as "for the loss of a hand", since the loss of use which authorizes an award for the full period of 200 weeks is that degree of total loss of use which would result from "amputation." Sess. Laws 1923, ch. 61, sec. 6, subdiv. 3.

**2. Same.**

In proceedings of the character above indicated, it is the duty of the Industrial Commission, under Sess. Laws 1923, ch. 61, sec. 6, subdiv. 3, in addition to determining the nature and extent of an injury, to find and determine the per centum of loss of use of a member, where its total loss by amputation is not a fact in evidence.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Original proceedings by the Yukon Mill & Grain Company et al., petitioners, to have reviewed an award made by the State Industrial Commission in favor of W. J. Evers, respondent, granting him compensation as for total loss of his right hand. Award vacated, and cause remanded to the Industrial Commission with directions.

On March 13, 1924, W. J. Evers was employed in the plant of the Yukon Milling Co., and on that day suffered an accidental injury, which resulted in the amputation of the little finger of his right hand and of the stiffening of his other fingers of the same hand, and he filed his claim for compensation with the State Industrial Commission. Hearing was had November 20, 1924, at which hearing it was admitted of record by petitioners that the claimant, W. J. Evers, suffered accidental injury in the course of and arising out of his employment, and the testimony was thereafter directed solely to the ques-

tion of the extent of the loss of use of claimant's right hand. On November 26, 1924, the Industrial Commission made findings of fact and conclusions of law upon which the award here complained of was based. The findings of fact made by the Commission and material to be considered here are all embraced in the second paragraph of the findings, and read as follows:

"That as a result of said accidental injury to the claimant's right hand, his little finger has been amputated; that all other fingers on his right hand are practically useless; that he is unable to perform any manual labor or to use his hand in a normal way for the purpose of feeding himself or writing; that there is some atrophy of the muscles of the arm which is due to nonuse, such nonuse is because of the injury to the right hand."

The Commission stated its conclusion of law from the above facts as follows:

"The Commission is, therefore, of the opinion: That by reason of the aforesaid facts, the claimant herein is entitled under the law to compensation at the rate of $10.59 per week for a period of 200 weeks, computed from the five days waiting period beyond March 13, 1924, less any sums heretofore paid."

Thereafter, the instant petitioners filed their motion with the Industrial Commission for a rehearing on said award, which motion was overruled by the Commission, and this proceeding was commenced by filing a petition in this court, together with a certified transcript of the proceedings had before the Industrial Commission.

Twyford & Smith and Samuel A. Harper, for petitioners.

A. G. Morrison and George F. Short, Atty. Gen., for respondents.

Opinion by LOGSDON, C. Petitioners present their arguments against the instant award under the one general proposition that:

"The award is contrary to the law and the evidence, and is supported by no evidence."

This contention must be sustained. The findings of fact made by the Commission are clearly stated in the second paragraph of its findings, and, since there is evidence to support such findings, they are conclusive in this court. It remains, therefore, for this court to determine only whether the Commission correctly applied the law to these established facts in making its award.

The award is for the sum of $10.59 per week for a period of 200 weeks, or until the sum of $2,118 is paid. This is the award authorized to be made "for the loss of a hand" by Sess Laws, 1923, ch. 61, sec. 3, subd. 3. The extent of loss of use of a hand which entitles a claimant to compensation for the full period of 200 weeks, is clearly such loss of use as would result from amputation, because the award authorized for an amputation is only the maximum authorized for "loss" of the same member.

Under the findings of fact made by the Commission, the loss of use of claimant's hand is considerably less than would result from amputation. It is clearly not a total loss. Therefore, the law applicable to the facts found by the Commission is contained in the following language of the same section and subdivision :

"For the permanent partial loss of use of a member or sight of an eye, sixty-six and two-thirds per centum of the average weekly wage during that portion of the number of weeks in the foregoing schedule provided for the loss of such member or sight of an eye, which the partial loss of use thereof bears to the total loss of use of such member or sight of an eye."

Claimant and two physicians testified, and from their testimony preserved in the transcript, the Commission might justifiably have made the further conclusive finding of fact that the extent of loss of use of claimant's right hand was 75 per cent. However, this was not done, and the award as "for the loss of a hand" is an erroneous application of the law to the facts as found and stated by the Commission.

For the reasons herein stated, the award of the Industrial Commission entered herein on November 26, 1924, is vacated, and this cause is remanded to said Industrial Commission, with directions to enter an award in conformity with the views herein expressed and with the statutory direction last above quoted.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. pp. 96, § 88; 97, §93; 122, § 127; anno. L. R. A. 1916A, 258; 18 A. L. R. 1350; 28 R. C. L. p. 819; 4 R. C. L. Supp. p. 1866; 5 R. C. L. Supp. p. 1577.